UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-05577-RGK-GJS | Date | September 8, 2021 |
|---|---|---|---|
| Title | *Mema Nikoghosyan v. Johnson & Johnson et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Jennifer Graciano | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** **(IN CHAMBERS) Order Re: Defendants' Motion for Stay [DE 12] and Plaintiff's Motion to Remand [DE 15]**

## I. INTRODUCTION

On October 2, 2018, Plaintiff Mema Nikoghosyan ("Plaintiff"), individually and on behalf of the estate of Zaruhi Nikoghosyan, filed a complaint in Los Angeles Superior Court against Johnson & Johnson, Johnson & Johnson Consumer Inc., and Imerys Talc America (collectively, "Defendants"). Plaintiff alleges ten causes of action related to products liability. Defendants Johnson & Johnson and Johnson & Johnson Consumer Inc. (collectively, "J&J") removed the case to this Court on July 9, 2021, asserting diversity jurisdiction under 28 U.S.C. § 1332.

Presently before the Court is Plaintiff's Motion to Remand (ECF No. 15) and J&J's Motion to Stay (ECF No. 12) pending this case's transfer by the judicial panel on multidistrict litigation. For the following reasons, the Court **GRANTS** Plaintiff's Motion to Remand and **DENIES** J&J's Motion to Stay as moot.

## II. FACTUAL BACKGROUND

Plaintiff alleges that her mother, Zaruhi Nikoghosyan, used Defendants' talc-based products for feminine hygiene every day for approximately 25 years. In 2014, Ms. Nikoghosyan was diagnosed with ovarian cancer and died as a result of her cancer in 2017. Plaintiff now seeks damages from Defendants under various theories, including strict products liability, breach of implied and express warranties, fraud, negligence, and wrongful death.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-05577-RGK-GJS | Date | September 8, 2021 |
|---|---|---|---|
| Title | *Mema Nikoghosyan v. Johnson & Johnson et al* | | |

### III. JUDICIAL STANDARD

#### A. Removal

A defendant may remove a case from state court when the federal court would have had original jurisdiction. 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states, and the action involves an amount in controversy that exceeds $75,000. The defendant removing the case to federal court bears the burden of establishing the jurisdictional facts. *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 682–83 (9th Cir. 2006). When a plaintiff contests a jurisdictional fact, the defendant must establish that fact by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992) (quoting *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). All factual allegations in the complaint are evaluated in the light most favorable to the plaintiff. *Saridakis v. United Airlines*, 166 F.3d 1272, 1275–76 (9th Cir. 1999).

Courts must "strictly construe the removal statute against removal jurisdiction" and must remand an action "if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. A court "resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2000).

#### B. Stay

A district court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes of its docket with economy of time and effort for itself, for counsel, and for litigants.")). In exercising this discretion, courts weigh competing interests like "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

### IV. DISCUSSION

J&J contends that removal is proper because all procedural and jurisdictional requirements are satisfied. The Court disagrees and finds that remand is warranted.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-05577-RGK-GJS | Date | September 8, 2021 |
|---|---|---|---|
| Title | *Mema Nikoghosyan v. Johnson & Johnson et al* | | |


A.   <u>**Plaintiff's Motion to Remand**</u>

Title 28 U.S.C. § 1446(c) sets forth a one-year limitation for removing a case based on diversity: "A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action . . . ." State law determines the date of "commencement," and under California law, an action "commences" on the date that the complaint is filed. Cal. Civ. Proc. Code § 350. This action commenced on October 2, 2018, the date that Plaintiff filed her complaint in state court. The one-year limitation applies only when an action was *not* removable in the first instance. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1316–17 (9th Cir. 1998) ("The second paragraph [of § 1446(b)] addresses a defendant's right to remove beyond the initial period of 30 days, if the case only becomes removable sometime after the initial commencement of the action. Only th[at] type of removal is barred by the one-year exception."). Therefore, the question here is whether there was complete diversity between the parties on the date that Plaintiff filed her complaint.

Plaintiff's complaint alleges, and J&J does not contest, that Plaintiff is a citizen of California and J&J is a citizen of New Jersey. The parties, however, dispute whether Defendant Imerys Talc America ("Imerys")—also a citizen of California on the date of filing—defeats complete diversity. J&J argues that the Court should disregard Imerys' citizenship because Imerys has been fraudulently joined. The Court disagrees. Imerys filed for bankruptcy on February 13, 2019. J&J asserts that because Plaintiff has failed to file a proof of claim in the bankruptcy proceedings and has failed to serve Imerys in this action, Plaintiff must have fraudulently joined Imerys. It is unclear whether J&J's factual assertions are accurate; but even if they are accurate, J&J's conclusion does not follow because J&J does not apply the correct standard for fraudulent joinder.

Fraudulent joinder is established if a defendant shows that a joined individual "cannot be liable on any theory." *Ritchey*, 139 F.3d at 1318. However, "if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Hunter*, 582 F.3d at 1044. A defendant bears a "heavy burden" in establishing fraudulent joinder. *Id*. Here, Defendant fails to meet its burden because it fails to demonstrate that Imerys cannot be liable on any theory. Also, review of Plaintiff's complaint makes clear to the Court that there is at least a "possibility" that a state court would find that Plaintiff states a cause of action against Imerys. As such, the Court does not find fraudulent joinder and considers Imerys' citizenship in its analysis.

The Court finds that there was no complete diversity between the parties on the date of filing because Plaintiff and Defendant Imerys were both citizens of California. Therefore, there was no basis for removal in the first instance. Because the case was not removable in the first instance, the one-year

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-05577-RGK-GJS | Date | September 8, 2021 |
|---|---|---|---|
| Title | *Mema Nikoghosyan v. Johnson & Johnson et al* | | |

limitation described in 28 U.S.C. § 1446(c) applies. Accordingly, Defendant removed this case too late—almost three years after the case commenced—and remand is warranted.

    **B.**    **J&J's Motion to Stay**

Because the Court finds that remand is warranted, the Court denies the Motion to Stay as moot.

**V.**    **CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Remand and **DENIES as moot** J&J's Motion to Stay.

**IT IS SO ORDERED.**

_____ : _____